Sucesión de Arturo Díaz Vázquez y Juana Vázquez Vda. de Rucabado, recurrentes, *v.* El Registrador de Guayama, recurrido.

No. 623.—*Sometido:* Noviembre 11, 1925. *Resuelto:* Diciembre 15, 1925.

Hipotecas—Pago, Cumplimiento de Condiciones, Cancelación y Carta de Pago —Cancelación Inscribible—Cancelación por una Sociedad a Nombre de su Poderdante.—Otorgado poder a nombre de una sociedad mercantil, si ésta a virtud del mismo, cancela una hipoteca a nombre de su poderdante, y el socio gestor que comparece en la escritura de cancelación en representación de la sociedad firma el documento estampando el nombre de la razón social, dicho documento es inscribible aún cuando aquél haya suscrito la cancelación haciendo uso de la firma social únicamente si el carácter con que comparece—gestor—resulta debidamente acreditado.

Nota de *Pérez Mercado,* R. (Guayama), denegando inscripción de una escritura de cancelación de hipoteca. *Revocada.*

*Monserrat & Monserrat,* y *C. Domínguez Rubio,* abogados de los recurrentes;· el Registrador compareció por escrito.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Juana Vázquez, vda. de Rucabado, otorgó poder a la sociedad mercantil Santisteban Chavarri y Cía., S. en C., y en virtud de dicho poder la sociedad canceló a nombre de su poderdante cierta hipoteca perteneciente a la misma. En la escritura de cancelación, el socio gestor que compareció en representación de la sociedad firmó el documento estampando el nombre de la razón social. Fundado en esta circunstancia, el registrador denegó la inscripción alegando que el gestor debió firmar la escritura con su nombre individual.

A primera vista la cuestión planteada no parece tan simple, y no es extraño que ella induzca a cierta confusión. Sin embargo, un estudio más atento de la ley notarial y de la jurisprudencia nos hace concluir que la forma en que fué suscrita la escritura de cancelación es correcta.

La sección 20, inciso 3º, de la Ley Notarial, sección 1998 Comp. 1911, p. 410, declara que serán nulos los instrumentos públicos en que no aparezcan las firmas de las partes,

y parece claro inferir que esta disposición tiene que referirse necesariamente a los comparecientes. La sociedad mercantil Santisteban Chavarri y Co., S. en C., compareció a nombre de su mandante. Dicha sociedad es una persona jurídica que funciona por conducto de sus representantes legales que lo son sus socios gestores. Siendo ello así, son de aplicación los artículos 126, 146 y 147 del Código de Comercio que determinan la manera de formar el nombre colectivo de las sociedades mercantiles y prescriben que tal nombre constituirá la razón o firma social con que ha de girar la sociedad y que usarán los socios gestores debidamente autorizados para hacerlo.

En la comparecencia de la escritura se hace la descripción del carácter con que Anselmo Soroeta y Mancicidor comparece a nombre de la sociedad Santisteban Chavarri y Co., S. en C., y si debidamente resulta acreditado el carácter de gestor, no tenemos dudas.que Soroeta suscribió propiamente la cancelación haciendo uso únicamente de la firma social.

La Dirección General de los Registros en resolución de mayo 23, 1879, estima válidos los actos o contratos otorga-. dos a nombre de la sociedad bajo la firma que ésta tenga adoptada por persona autorizada para la gestión y administración de sus negocios. Igual doctrina sostiene la de mayo 28, 1879.

En el Tratado de Notaría por Miguel Fernández Casado, tomo I, página 476, se encuentran los siguientes precedentes:

"Respecto de la representación de las personas jurídicas, el artículo 20 de la Instrucción de 1861 dispuso lo siguiente: 'Las sociedades y establecimientos públicos se designarán por los nombres con que fueren conocidos, su razón social o el nombre de los Directores, Administradores o personas competentemente autorizadas para representarlos o llevar su firma, y por su domicilio.'

"Con diferente redacción, lo propio vino a expresar el art. 5º de la instrucción de 1874, que dice: 'Cuando alguno de los otorgantes concurre al acto en nombre de una sociedad, establecimiento público, corporación o persona jurídica, se expresará esta circuns-

tancia, designando, además de las relativas a la personalidad del representante, el nombre de dicha entidad y su domicilio, e indicando el título del cual resulte la expresada representación, debiendo autorizar en su caso el instrumento público con la firma social.' ''

La práctica más recomendable, aquella que obvia todas las dificultades, es la de firmar con el nombre social añadiendo la firma individual de la persona que comparece precedida de la palabra ''por'' en castellano y ''by'' en inglés.

*La nota debe revocarse y ordenar la inscripción del documento.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.